UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **HENDERSON APARTMENTS TENANT, LP,** *Plaintiff* | §§§§§§§§§§§ |
| v. | No. 1:23-CV-00195-JRN |
| **TRAVELERS EXCESS AND SURPLUS LINES COMPANY, ROSCOE PROPERTIES, INC,** *Defendants* | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE JAMES R. NOWLIN
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Henderson Apartment Tenant, LP's Motion to Remand, Dkt. 6, and all associated responses. This motion was referred to the undersigned for report and recommendation.

## I.   BACKGROUND

This is an insurance dispute that was removed by Defendants Travelers Excess and Surplus Lines Company from the 201st Judicial District Court of Travis County, Texas on the basis of diversity. Plaintiff Henderson now moves to remand arguing that the Notice of Remand is procedurally defective because: (1) it alleged Henderson's citizenship on information and belief; and (2) fails to identify and affirmatively allege the identity and citizenship of each of Henderson's partners and their members.

Henderson operates an apartment complex in Fort Worth, Texas that suffered storm damage in 2021. Dkt. 1-4, at ¶¶ 7, 9. Travelers is the insurer of the Property. *Id.*, at ¶¶ 8, 9. 2. Henderson filed a claim with Travelers for the loss. *Id.*, ¶ 10. Travelers paid the claim in part. *Id.*, at ¶¶ 11, 12. Henderson now asserts claims against Travelers for: (1) breach of contract; (2) violation of the Texas Prompt Payment of Claims Act; (3) violations of the Texas Insurance Code and Deceptive Trade Practices Act; (4) breach of the duty of good faith and fair dealing; and (5) attorneys' fees. *Id.*, at ¶¶ 25-32; 33-36; 37-43; 44; 47.

Under the Policy, Defendant Roscoe Property Management is the named insured and sponsor, and Henderson is named as an additional insured and payee. *Id.*, at ¶ 45. Travelers has included both Henderson and Roscoe on all claim payments. *Id.* Henderson and Roscoe disagree as to whether Henderson is entitled to all payments by Travelers for damage to the Property. Henderson also makes claims against Roscoe for: (1) a declaration of the insureds' rights with respect to payments under the Policy and the proceeds of this action; and (2) attorneys' fees. *Id.*, at ¶¶ 45-47.

## II.   ANALYSIS

Henderson moves to remand, arguing that removal was defective because Travelers has failed to adequately plead Henderson's citizenship. Travelers responds that it has pleaded diversity of citizenship based upon information and belief after a diligent inquiry into Henderson's citizenship as well as that of its partners, which is sufficient. The undersigned agrees.

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id.* The removal statutes are strictly construed in favor of remand. *Id.* This case was removed on the basis of diversity.

In diversity cases under 28 U.S.C. § 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Failure to allege the basis of diversity adequately requires remand. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

Henderson argues that removal was defective because Travelers failed to adequately allege Henderson's citizenship. Henderson is a limited partnership. The citizenship of a limited partnership or limited liability company is determined by the citizenship of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (diversity jurisdiction is determined by the citizenship of "all the members" of the unincorporated entity or limited partnership). "When jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'" *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). The allegations of a LP's citizenship must include the identity of each member as well as each member's citizenship. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*,

851 F.3d 530, 536 (5th Cir. 2017). Moreover, if any member of the LP is itself an unincorporated association such as a partnership or LLC, the Court must "know the citizenship of each 'sub-member' as well." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

> In this case, the removal Notice Travelers states that:
>
> Based on a review of public records filed with the Texas Secretary of State, and upon information and belief after a diligent search of publicly available sources, the sole general partner of Henderson Apartments Tenant, LP is Ojala Henderson GP LLC (a Delaware limited liability company), and the sole limited partner of Henderson Apartments Tenant, LP is Ojala Henderson Investors LLC (a Delaware limited liability company). The citizenship of a limited liability company is determined by the citizenship of its members. Based upon information and belief and after a diligent search of publicly available records, none of the members of Ojala Henderson GP LLC and Ojala Henderson Investors LLC reside or are domiciled in the State of Connecticut. Accordingly, complete diversity of citizenship exists between Plaintiff and Travelers (i.e., the only properly joined and served defendant in this action) now and on the date Plaintiff filed this lawsuit.

Dkt. 1, at 3-4.

Henderson argues that the Notice is defective because it alleges Henderson's citizenship upon information and belief, which it asserts is inadequate. Dkt. 6, at 4. Additionally, Henderson argues the Notice is defective because Travelers has failed to identify the members of Ojala Henderson GP LLC and Ojala Henderson Investors LLC, or the citizenship of those members. Lastly, Henderson argues that Travelers cannot rely on arguments that members are not citizens but must affirmatively plead their citizenship. *Id.*

Travelers responds that, despite being in possession of the information regarding the citizenship of all Henderson's constituent members and sub-members,

Henderson does not assert that any are non-diverse. Additionally, Travelers argues that applicable authority establishes that because it made a diligent inquiry into the issue before removal, Travelers' allegations of citizenship are sufficiently pleaded to support diversity jurisdiction over this case. Alternatively, Travelers requests leave to conduct jurisdictional discovery and to amend its notice of removal. Dkt. 12, at 2.

Travelers has submitted that prior to removal, its counsel confirmed that Henderson is a limited partnership, and reviewed public records filed with the Texas Secretary of State revealing that Henderson's partners, Ojala Henderson General Partner, LLC, and Ojala Henderson Investors, LLC, are limited liability companies organized under the laws of the State of Delaware. Subsequently, Travelers' counsel searched the Delaware Secretary of State's website for information regarding the makeup of Henderson's partners. Travelers submits it also searched several proprietary databases and/or repositories for information regarding the composition of Ojala Henderson General Partner, LLC, and Ojala Henderson Investors, LLC. These investigative efforts revealed no evidence that any of Henderson's partners or members of Ojala Henderson General Partner, LLC, and Ojala Henderson Investors, LLC, are domiciled in Travelers' home state of Connecticut. Dkt. 12-1. Travelers asserts this diligent effort to determine the citizenship of the relevant constituent members is sufficient to support its pleadings on "information and belief" and is not defective.

The Fifth Circuit has not expressly held that a party may plead the citizenship of an opposing party "upon information and belief." However, in an unpublished

opinion, the Fifth Circuit approved removal where defendants "asserted 'on information and belief' that all 308 plaintiffs were citizens of Texas" and where the plaintiffs "failed to demonstrate that this was incorrect." *Volentine v. Bechtel, Inc.*, 209 F.3d 719, 2000 WL 284022, at *2 (5th Cir. 2000) (unpublished table decision) ("Because unrebutted allegations of citizenship in a removal petition based on information and belief is sufficient to satisfy the removal statute, the defendants have satisfied the first requirement for diversity jurisdiction." (citation omitted)).

And at least one court in this circuit, relying on *Volentine*, has explicitly held that jurisdictional allegations of citizenship may be made upon information and belief, stating "when a plaintiff has consulted all publicly available sources and determined that no member of the association is likely a citizen of the same state as the plaintiff, he or she may affirmatively state the citizenship of an LLC on information and belief." *Rollins v. Fitts*, No. 1:18-CV-198, 2019 WL 138166, at *2 (N.D. Miss. Jan. 8, 2019) (noting that the Fifth Circuit has yet to expressly hold that information-and-belief allegations regarding citizenship are proper but citing *Volentine* to conclude that the Fifth Circuit would likely hold so). Other courts have likewise concluded that the Fifth Circuit follows this practice or have concluded that information-and-belief allegations of citizenship are proper. *Hise Real Est. Invs., LP v. Great Lakes Ins. SE*, No. 4:20-CV-820-SDJ, 2021 WL 217264, at *2 (E.D. Tex. Jan. 21, 2021); *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, No. SA-17-CA-808-XR, 2017 WL 8727480, at *2 (W.D. Tex. Aug. 30, 2017) ("If, after [a reasonable] inquiry, Defendants are still unable to identify the [plaintiff's] members

but have no reason to believe that any of the members share their citizenship, they may allege complete diversity in good faith on information and belief."); *Canadian Breaks, LLC v. JPMorgan Chase Bank, N.A.*, 2:21-CV-37-M-BR, 2021 WL 4897554, at *7 (N.D. Tex. Sept. 14, 2021), *report and recommendation adopted*, 2:21-CV-37-M-BR, 2021 WL 4893606 (N.D. Tex. Oct. 20, 2021); *see also Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015) (holding that a party may make jurisdictional allegations of citizenship based on information and belief so long as it has conducted a "reasonable query into the facts alleged" and consulted publicly available sources concerning the entities' membership status); *Med. Assurance Co. v. Heilman*, 610 F.3d 371, 376 (7th Cir. 2010) (holding that plaintiff had properly pleaded diversity of citizenship by stating "on information and belief" that defendants were citizens of a particular state); *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (relying on "the principle that when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in her complaint" (citing *Lincoln*, 800 F.3d at 107 n.31)); *but see, Sanchez v. Aburto*, No. 3:18-CV-2460, 2018 WL 4953147, at *2 (N.D. Tex. Oct. 12, 2018); *Pennie v. Obama*, 255 F. Supp. 3d 648, 671 (N.D. Tex. 2017), *appeal dismissed sub nom. Klayman v. Obama*, No. 17-10653, 2017 WL 6343520 (5th Cir. Nov. 14, 2017).

The undersigned finds that although Travelers bears the burden of adequately alleging diversity jurisdiction, and "any doubt about the propriety of removal must be resolved in favor of remand," Travelers adequately alleged diversity jurisdiction

based upon information and belief. *Hise Real Est. Invs., LP*, 2021 WL 217264, at \*4.. *See Rollins*, 2019 WL 138166, at \*2 ("The Fifth Circuit has yet to expressly state that a plaintiff may or may not plead the citizenship of an LLC's membership on information and belief. But the Court is persuaded that they would hold a plaintiff may do so."); *BSG Clearing Sols. N. Am., LLC v. Durham Tech., LLC*, No. SA-17-CV-1097-XR, 2018 WL 6219812, at \*3-4 (W.D. Tex. Nov. 20, 2018) (holding that plaintiffs "provided a sufficient basis for subject-matter jurisdiction" when they "made a good-faith attempt to ascertain the citizenship of the [defendant] LLC members"); *Bates*, 2017 WL 8727480, at \*2  ("If, after [a reasonable] inquiry, Defendants are still unable to identify the [plaintiff's] members but have no reason to believe that any of the members share their citizenship, they may allege complete diversity in good faith on information and belief." (citing *Lincoln*, 800 F.3d at 108)).

Additionally, Henderson's argument that Travelers' negative averment of diversity is insufficient to support removal is without merit. *Id.*; *Thunder Patch II, LLC v. JPMorgan Chase Bank, N.A.*, No. 5:18-CV-00629-OLG-RBF, 2018 WL 6488008, at \*3 (W.D. Tex. Dec. 10, 2018), *report and recommendation adopted*, 2019 WL 1313457 (W.D. Tex. Jan. 16, 2019) (noting that JPMorgan pleaded that after consulting with opposing counsel and the relevant public records from the California and Texas Secretaries of State, it found no evidence indicating that any of its opposing parties' members are citizens of Ohio, and this negative was sufficient to plead citizenship supporting diversity jurisdiction).

8

Travelers should be allowed to proceed in federal court unless and until Henderson can identify any of its members who are citizens of Connecticut, thus destroying diversity jurisdiction. *See Lincoln*, 800 F.3d at 108.

### III.   RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **DENY** Plaintiff Henderson Apartment Tenant, LP's Motion to Remand, Dkt. 6. The referral in this case is **CANCELED**.

### IV.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 14, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE